### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| CHARLES THORNTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 08-0642-WS-B |
| | ) |
| SMURFIT-STONE CONTAINER | ) |
| ENTERPRISES, INC., etc., et al., | ) |
| | ) |
|     Defendants. | ) |

### ORDER

This matter is before the Court on the plaintiff's motion to sever and remand. (Doc. 11).  The motion seeks remand of Count One of the complaint, which is a claim for worker's compensation benefits, while leaving Counts Two and Three of the amended complaint, which allege hostile work environment and retaliation in violation of federal law, in this Court.  The defendants do not oppose the motion.  (Doc. 13).

"A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  28 U.S.C. § 1445(c).  The appropriate remedy when a properly removed case includes a claim captured by Section 1445(c) is to remand the worker's compensation claim to state court. *Reed v. Heil Co.*, 206 F.3d 1055, 1061, 1063 (11th Cir. 2000); *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1119 (5th Cir. 1998); *Richardson v. Georgia-Pacific Corp.*, 2007 WL 3287361 at *3-4 (S.D. Ala. 2007).

For the reasons set forth above, the plaintiff's motion to remand is **granted**.  Count One of the complaint is remanded to the Circuit Court of Escambia County.

DONE and ORDERED this 30th day of December, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE